## LE FAVOUR v. RICE.

### (Circuit Court of Appeals, First Circuit. April 26, 1894.)

#### No. 74.

1. PATENTS—LIMITATION OF CLAIM—BOOT AND SHOE SHANKS.
   In a patent claiming a boot and shoe shank, made of leather and steel, secured together by rivets, the specification stated that steel shanks were well known, but were objectionable, because almost certain to cut the parts against which they bear. *Held,* that the patent covered only a shank composed of two parts,—leather and steel, or their equivalents.

2. SAME.
   The Rice patent, No. 68,652, for a boot and shoe shank, construed as limited by reference to the specification, and *held* not infringed.

In Error to the Circuit Court of the United States for the District of Massachusetts.

This was an action by Caroline A. Rice, guardian, against Joseph W. Le Favour, for infringement of a patent. The circuit court rendered judgment for plaintiff. Defendant brought error.

Frederick P. Fish and William K. Richardson, for plaintiff in error.

Almon A. Strout and Frank L. Washburn, for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

COLT, Circuit Judge. The subject-matter of this suit is a patent granted to Andrew Jacob Rice and Andrew James Rice, September 10, 1867, for an improved boot and shoe shank. The improvement consisted in making the shank of leather and steel, secured together by rivets. The specification declares:

"We make our shank in two parts, A and B. The part A is made in the desired shape for the shank, and the part B is made to fit upon it, and the two parts are then secured to each other in any convenient manner. We make the part A of leather, or any similar material possessing the requisite strength and pliability. * * * The part B we make of metal, as its only purpose is to strengthen the shank, and prevent it from getting out of shape. * * * Shanks of steel, leather, and other material are well known, but they are all liable to various objections. Steel shanks, though they are not liable to break, and retain their shape well, are almost certain, when the boot or shoe is worn, to cut the parts against which they bear, and all other shanks known to us are apt to break or get out of shape."

The claim is for a shank as an article of manufacture, made of leather and steel, secured together by rivets.

By the seventh assignment of error, the court refused to instruct the jury, at defendant's request, as follows:

"That, if the jury find that the defendant did not use in his shoes a shank made as an article of manufacture, of leather and steel, or equivalent materials, secured together by rivets, or equivalent means, the verdict must be for defendant."

The defendant's shank was made of a single piece of steel. It is clear to us that the patent can only be construed to cover a shank composed of leather and steel, or their equivalents. A construction which would so enlarge the patent as to embrace a shank made entirely of steel would be in violation of the express language of the specification, wherein it is stated that steel shanks were well known, and were open to the objection of cutting the parts of the leather against which they bore. There was also introduced in evidence several prior patents for different forms of steel shanks. We think the court, as requested by the defendant, should have charged the jury that the patent was for a shank composed of two parts,— namely, leather and steel, or their equivalents,—fastened together, and that, if the defendant did not use a shank so constructed, he was entitled to a verdict. As to the alleged waiver of this request by agreement of counsel, except so far as it was embraced in the judge's charge, we do not think the bill of exceptions supports the position of the plaintiff, now defendant in error. At most, the

waiver only extended to the question of anticipation, and it did not embrace the question of the legal construction of the patent.

For these reasons, the judgment of the circuit court is reversed, and this cause is remanded to that court, with directions to grant a new trial.